IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HORIZON MEDICINES LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 1:18-cv-01014-RGA |
| | ) |
| ALKEM LABORATORIES LTD., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## CLAIM CONSTRUCTION ORDER

WHEREAS, Plaintiff Horizon Medicines LLC and Defendant Alkem Laboratories Ltd. submitted a Joint Claim Construction Brief and accompanying Joint Appendix on October 11, 2019 (*see* D.I. 68; D.I. 75; D.I. 76);

WHEREAS, the Court conducted a *Markman* hearing on November 13, 2019;

WHEREAS, the Court read its opinion concerning the construction of the disputed claim terms of U.S. Patent No. 8,067,033 ("the '033 patent") into the record on November 13, 2019 (*see* D.I. 86, Tr. at pp. 74-83);

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. As used in claims 1-2, 8-11, 13-14 and 16 of the '033 patent:

   - The term "a first portion" is construed to mean "an ibuprofen compartment that is not a core."

   - The term "a second portion" is construed to mean "a famotidine compartment that is not a shell."

- The term "surface area of direct physical contact between ibuprofen and famotidine does not exceed 130 mm$^2$" is construed to mean "the surface area over which no barrier layer that prevents physical contact is interposed between ibuprofen and famotidine does not exceed 130 mm$^2$."

- The term "barrier layer" is construed to mean "layer interposed between components or adjacent compartments of the unit dosage form to prevent contact between the components or adjacent compartments."

- Pursuant to the parties' agreement, the term "direct physical contact" is construed to mean "the absence of a barrier layer between components or adjacent compartments of a unit dosage form."

2. The parties are ordered to submit supplemental briefing on the term "a barrier layer comprising hydroxyl propyl methyl cellulose 2910, polyoxyethylene glycol 400, polysorbate 80, and titanium dioxide surrounds the second portion completely separating it from the first portion" relevant to claims 1-4 and 8-10 of U.S. Patent No. 8,067,451 under the following schedule:

| Event | Deadline |
|---|---|
| Plaintiff to file supplemental brief, not to exceed fifteen (15) pages | December 6, 2019 |
| Defendant to file response to Plaintiff's supplemental brief, not to exceed ten (10) pages | December 20, 2019 |

SO ORDERED this 22 day of November, 2019.

_____
UNITED STATES DISTRICT JUDGE