# BARNES & THORNBURG LLP

1000 N. West Street, Suite 1500
Wilmington, Delaware 19801
(302) 300-3434
Fax (302) 300-3456

Chad S.C. Stover.
(302) 300-3474
Email: chad.stover@btlaw.com

February 4, 2020

**VIA CM/ECF and HAND DELIVERY**

**REDACTED VERSION**
**Filed on February 10, 2020**

The Honorable Richard G. Andrews
United State District Court for the
District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street, Unit 9, Room 6325
Wilmington, DE 19801-3570

      Re:   *Horizon Medicines LLC v. Alkem Laboratories, Inc.,*
             C.A. No. 18-1014-RGA

Dear Judge Andrews:

    Pursuant to the Court's January 28, 2020, Oral Order (D.I. 120) and ¶ 3.f of the Court's Patent Scheduling Order, Plaintiff Horizon respectfully submits this letter in response to the letter filed by Defendant Alkem on January 31, 2020 (D.I. 122) ("Alkem's Letter"). As set forth below, Alkem's request to compel Rule 30(b)(6) deposition testimony regarding Horizon's "secondary considerations" legal contentions is improper in this District and unnecessary in view of the fact deposition testimony already obtained. Additionally, the information sought by Alkem relating to license agreements is not related to any discovery request made during the fact discovery period and is irrelevant to any issue in the instant litigation.

    Alkem inexplicably delayed in raising these issues with Horizon or the Court. Horizon served its Responses and Objections to Alkem's Rule 30(b)(6) topics on November 20, 2019 (*see* Alkem Ex. 3 at p. 52), but Alkem did not raise any issue until over seven weeks later, on January 10, 2020, after Horizon had already designated its Rule 30(b)(6) witnesses and offered dates for their depositions, and a mere two weeks before the close of fact discovery. Alkem cannot now claim that it has been prejudiced by Horizon's objections to improper Rule 30(b)(6) deposition topics. Alkem's requests should accordingly be denied.

    **A.  Secondary Considerations**

    Alkem's request for Rule 30(b)(6) testimony concerning Horizon's secondary considerations is nothing more than a request for *contention* deposition testimony, which the District of Delaware has consistently rejected as improper. *See Tiegel Manu Co. v. Globe Union, Inc.*, C.A. No. 84-483-WKS, at 14:3-12 (D. Del. Oct. 5, 1984) (Ex. A); *Axiohm IPS, Inc. v. Epson Am., Inc.*, C.A. No. 00-420-SLR, at 4:14-17 (D. Del. Mar. 28, 2001) ("With respect to defendants' complaints, we don't do contention depositions in this district.") (Ex. B). As Your Honor is undoubtedly aware, this Court has repeatedly denied requests for deposition testimony concerning contention topics, including where a party inserts the word "facts" into topics

The Honorable Richard G. Andrews
February 4, 2020
Page 2

otherwise directed to an opponent's legal theories, as Alkem attempts to do here. *See Chalumeau Power Sys. LLC v. Alcatel-Lucent USA, Inc. et al.*, C.A. No. 11-1175-RGA, Tr. at 27:19-28:18 (D. Del. Oct. 4, 2013) (Ex. C). The proper way to seek such discovery is through interrogatories (*see Reliant Pharm., Inc. v. Par Pharm., Inc.*, C.A. No. 06-774-JJF, at 19:22-21:14 (D. Del. March 7, 2008) (Ex. D); *McKesson Info. Solutions LLC v. The TriZetto Group, Inc.*, C.A. No. 04-1258-SLR, at 21:7-11 (D. Del. Aug. 2, 2005) (Ex. E)), which Alkem has done, and to which **Horizon has already provided responses** (*see* Alkem Ex. 2 at pp. 4-11).

In Alkem's Letter, Alkem makes three false assertions that, on "the day just prior to the deposition of inventor George Tidmarsh and just days prior to the depositions of inventors Barry Golombik and Puneet Sharma," Horizon "identified for the first time": (1) "alleged secondary considerations on which it intends to rely"; (2) "nearly 7,000 pages of documents" in support of secondary considerations; and (3) "that the persons 'most knowledgeable about the facts underlying the validity of the Patents-in-Suit are the named inventors.'" (Alkem's Letter at p. 2.)

First, Horizon identified unexpected results, long-felt but unmet need, industry praise, and skepticism as relevant secondary considerations **over two months** before the fact depositions of the inventors, on October 18, 2019, in its Amended Responses to Alkem's Requests for Production. (*See* Ex. F at p. 24.) Second, the cited documents in Horizon's supplemental interrogatory responses total 2,445 pages, not the "nearly 7,000 pages of documents" calculated by Alkem, and comprise **just twenty-six (26) documents** produced to Alkem many months earlier. Sixteen (16) of these documents are stability, product development, and clinical study records, which are largely duplicative of the subject matter explored by Alkem during fact depositions that have already taken place. The remaining ten (10) documents are marketing materials, for which Alkem will depose Horizon's Rule 30(b)(6) witness on February 5, 2020. Third, in Horizon's Rule 26(a)(1) Initial Disclosures, served **over a year ago**, on January 22, 2019, Horizon identified inventor Dr. Tidmarsh as having discoverable information regarding, *inter alia*, "the long felt unmet need in the art for the claimed inventions" and "unexpected results of the claimed inventions." (*See* Ex. G at pp. 2-3, which also identified inventors, Mr. Golombik, Mr. Sharma, and Dr. Xu, as having knowledge.)

Importantly, Alkem has already obtained extensive deposition testimony regarding "facts supporting or concerning secondary considerations" from Mr. Golombik and Dr. Tidmarsh, two of the individuals identified by Horizon as most knowledgeable about such information. Mr. Golombik was Horizon's Rule 30(b)(6) witness designated to testify concerning the research, development, and subject matter of the patents-in-suit. Mr. Golombik testified at length about "unexpected" results, "unmet need," and "skepticism" (*see* Ex. H at 22:22-24:3, 32:7-33:17, 49:11-51:8, 56:4-59:2, 61:9-62:7, 172:25-173:14, 176:7-179:3), as well as the "stability" of the claimed invention (*see*, *e.g.*, *id.* at "Index," indicating that the word "stability" was stated no fewer than 45 times). Dr. Tidmarsh likewise provided similar testimony. (*See* Ex. I at 51:1-52:4, 54:17-57:24, 60:4-61:17, 197:8-198:18, 200:8-202:3, 202:21-203:9, 211:12-214:11, 265.)

Given this record, it is unclear what additional testimony Alkem needs, short of asking a fact witness to read from Horizon's contention interrogatory responses and provide expert opinions and/or legal analysis regarding the same. The testimony Alkem seeks is improper, unnecessary, and impractical, and Alkem's request should be denied.

BARNES&THORNBURGLLP

The Honorable Richard G. Andrews
February 4, 2020
Page 3

### B. License Agreements

Alkem's requests for Rule 30(b)(6) testimony and/or document production concerning three license agreements—a license agreement with Par concerning DUEXIS®, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇—are inexcusably belated and have no relevance to this litigation.

With respect to the Par agreement, Alkem admits that it has access to a publicly available, redacted version. Despite this, Alkem alleges in conclusory fashion that the redacted information concerning profit share is relevant to Horizon's allegations of irreparable harm. But Alkem has cited no case that supports such a proposition, as *AbbVie Inc. v. Boehringer Ingelheim Int'l GmbH*, C.A. No. 17-1065-MSG-RL, 2019 WL 1571666, at *3-4 (D. Del. Apr. 11, 2019), and *Wyeth v. Orgenus Pharma Inc.*, C.A. No. 09-3235-FLW, 2010 WL 4117157, at *4 (D.N.J. Oct. 19, 2010), are distinguishable. In *AbbVie*, the Court found settlement agreements relevant to commercial success and an unclean hands defense, neither of which is at issue in the instant litigation. And in *Wyeth*, the District of New Jersey never stated that such agreements were relevant to any issue of irreparable harm. Moreover, Alkem has not even attempted to explain why it needs to depose a Rule 30(b)(6) witness in addition to seeking the production of the Par agreement. It is unclear what, if any, non-privileged information concerning the Par agreement can be explored during a Rule 30(b)(6) deposition that cannot be gleaned from simply reviewing the agreement itself. Notably, Alkem's interest in obtaining an unredacted copy of the Par agreement increased only after settlement talks between Alkem and Horizon stalled.

However, to resolve this dispute, Horizon is prepared to seek leave to amend its Complaint to remove its allegations of irreparable harm. Once the Complaint is amended, the Par agreement, by Alkem's own admission, will not be relevant to any issue in this case.

With respect to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, Alkem has not served any document request in this litigation directed to their production. Request for Production No. 70 relates to "any agreement relating to DUEXIS®, including any license, purchase, sales or distribution agreement." (Ex. F at p. 27.) But an agreement with ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ by their very nature, are *not* agreements relating to the "license, purchase, sales or distribution" *of DUEXIS®*. Additionally, Alkem has not served any Rule 30(b)(6) deposition topic that would include within its scope ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Topic No. 2 relates to "[a]ny assignment, license agreement . . . or other transfer or retention of rights involving *the Patents-in-Suit*." (Alkem Ex. 3 at 7.) But any license agreement relating to ▇▇▇▇▇▇▇ a separate product that is not covered by any of the patents-in-suit, bears no relation to the subject matter of Topic No. 2. Moreover, Alkem only offers conclusory assertions of relevance, and it is unclear as to how an agreement with ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, the use of which is not required by any claims of the patents-in-suit, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇, are relevant to the validity of the patents-in-suit.

Accordingly, Alkem's requests for document production concerning these three agreements, and any Rule 30(b)(6) deposition testimony concerning the same, should be denied.

BARNES&THORNBURGLLP

The Honorable Richard G. Andrews
February 4, 2020
Page 4

Respectfully submitted,

Chad S.C. Stover (DE Bar No. 4919)

cc: Counsel of Record (via e-mail)