

300 DELAWARE AVENUE • SUITE 200 • WILMINGTON, DELAWARE 19801
TEL: (302) 472.7300 • FAX: (302) 472.7320 • WWW.HEGH.LAW

Direct Dial: (302)472-7311
Email: dgattuso@hegh.law

March 4, 2020

**VIA CM-ECF**

The Honorable Richard G. Andrews
United States District Court
J. Caleb Boggs Federal Building
844 N. King Street, Unit 9
Room 6325
Wilmington, Delaware 19801-3555

Public Version Filed March 11, 2020

Re:   *Horizon Medicines LLC v. Alkem Laboratories Ltd.*,
      C.A. No. 18-1014-RGA (D. Del.)

Dear Judge Andrews:

This firm, along with Rakoczy Molino Mazzochi Siwik LLP, represents Defendant Alkem Laboratories Ltd. in the above-referenced action. Pursuant to Your Honor's February 27, 2020 Oral Order (D.I. 132) and the Court's Scheduling Order ¶ 3.f., we respectfully respond herein to Plaintiff's letter motion (D.I. 133), seeking certain additional discovery from Alkem.

In brief, Alkem respectfully requests that the Court deny the discovery Horizon seeks because (i) it had ample opportunity to seek relevant information during fact discovery; (ii) the additional discovery Horizon seeks is at best only marginally relevant to its stated need for the discovery; and (iii) it has not shown that the requested discovery is materially relevant and non-cumulative. Consideration of relevant background only underscores the fishing expedition in which Horizon is engaged in an apparent attempt to salvage its infringement case.

**I.     Background.**

**Infringement Contentions:** The '033 patent – Horizon admits that ▮▮▮▮ ▮▮▮▮ (D.I. 68, Parties' Joint Claim Construction Br. at 11 ▮▮▮▮▮▮▮▮▮▮

In view of the Court's construction of "a first portion" to exclude ibuprofen cores, (D.I. 89), Horizon amended ▮▮▮▮▮▮▮▮▮▮ The '451 patent asserted claims require the specific Opadry® White (YS-1-7003) barrier layer: "hydroxyl propyl methyl cellulose 2910, polyoxyethylene glycol 400, polysorbate 80, and titanium dioxide [that] surrounds the second portion [famotidine] completely separating it from the first portion [ibuprofen]," (D.I. 75-1, App. 2, the '451 patent at 49:54-60); ▮▮▮▮▮▮▮▮▮▮

**Depositions:** On January 23, 2020, Alkem presented its Rule 30(b)(6) witness Dr. Pandey (formulation head) on multiple R&D topics, including: (i) dosage form selection, includ-

ing ▮▮▮ (Topic 15); (ii) "decision to include a 'barrier coating'" (Topic 16); (iii) ▮▮▮ compositions (Topics 19-21); and (iv) ▮▮▮ (Topics 27-28). (Ex. 2, Alkem's Resps. to Rule 30(b)(6) Notice at 18-19, 21-27, 32-33; Ex. 3, Alkem's First Amended Resps. at 5-7, 10-14; Ex. 4, ALKIF0022921-24, ALKIF0046795-96). Horizon never asserted that Dr. Pandey was unprepared to testify.

**Documents:** Alkem conducted a broad search of its files based on terms negotiated with Horizon. (Ex. 5, 7/29/19 J. Mackay e-mail). During fact discovery, Alkem produced nearly ▮▮▮ of documents, including core R&D documents (e.g., ANDA, development report, lab notebooks, testing, specifications, etc.). Alkem acknowledges that the parties had a now-resolved dispute over certain privilege log documents; however, those documents substantially overlap each other or information already available to Horizon during fact discovery.

**Alkem's Proposed Compromise:** In an effort to resolve any outstanding dispute and avoid delay, Alkem proposed reasonable compromises, e.g., it offered: (i) to present Sagar Baheti for deposition on February 26, 2020, and alternatively on March 6, 2020, in India consistent with Horizon's demand;[1] (ii) to present Dr. Pandey for additional deposition time (1.5 hours) on March 4, 2020, in India to allow Horizon to question him on new documents; and (iii) to authenticate any late-produced documents. Horizon rejected all proposals.

II. **The Court Should Reject Horizon's Attempt at a Do-Over in Discovery.**

**Arun Pandey:** Horizon's unwarranted attacks on Dr. Pandey to support new discovery should fail, (D.I. 133 at 1-3). First, Horizon mischaracterizes Dr. Pandey's testimony concerning ▮▮▮ (See Ex. 6, Pandey Tr. at 126:9–131:10). Second, the ▮▮▮ at Ex. B (D.I. 133-3) ▮▮▮ Third, Horizon raises purported concerns over Dr. Pandey's testimony in view of a document unavailable to the witness during deposition; Horizon then rejected Alkem's offer to make Dr. Pandey available for continued deposition to allow it to question this witness about the document. Horizon now baselessly complains that it has "concerns as to Dr. Pandey's credibility and/or his accurate recollection of the facts" to support deposing a new witness, (D.I. 133 at 3). Horizon simply wants another bite at the proverbial apple, which the Court should reject.

**Roshan Sandal:** Horizon tries to justify untimely notice of Mr. Sandal's deposition based on later-produced documents, (D.I. 133 at 3). This position is misleading. First, Mr. Sandal's name appeared ▮▮▮ produced by Alkem during fact discovery;[2] Dr. Pandey also discussed Mr. Sandal's role at his deposition on January 23. Yet, Horizon waited until February 19 (almost four weeks after fact discovery close), to demand this deposition. Second, Horizon's suggestion that Mr. Sandal's "relevance" only came to light after Alkem produced "40 withheld documents" is misleading at best where less than 10 of those

---

[1] Horizon noticed Mr. Baheti who did not have a passport or visa to allow him to travel outside of India. As of this filing, we understand Mr. Baheti has still not received a travel visa.
[2] Notably, when Horizon noticed Mr. Baheti, Alkem had not identified him as a person with knowledge and his name appeared on only about 80 documents produced at that time.

2

documents identify Mr. Sandal. Horizon points to a redacted ▓▓▓. (D.I. 133 at 3 & Ex. E). However, Alkem produced ▓▓▓ during fact discovery; and despite the ▓▓▓, identifying both Dr. Pandey and Mr. Sandal, and ▓▓▓ Topics, Horizon *never* introduced the document at Dr. Pandey's deposition. In fact, Horizon *never* asked Dr. Pandey a single question about ▓▓▓ nor did it introduce any of the other ▓▓▓ documents Alkem produced during fact discovery, (*see, e.g.*, Exs. 7 & 8). Moreover, a deposition of Mr. Sandal would be cumulative and duplicative of both Dr. Pandey's and Mr. Baheti's. FED. R. CIV. P. 26(b)(2)(C)(i); (Ex. 6, Pandey Tr. at 113:3-11, 171:13–172:12 (▓▓▓)); Ex. 9 (R&D chart)). Thus, Horizon's request for Mr. Sandal's deposition improperly seeks a redo of discovery to which Horizon had a full and fair opportunity. *See Bowers v. Nat'l Collegiate Athletic Ass'n*, No. 97-2600, 2008 WL 1757929, at *5-6 (D.N.J. Feb. 27, 2008).

**Pratibha Gujar:** Horizon has not identified any non-cumulative, relevant information that Ms. Gujar would possess. Ms. Gujar was not part of the R&D group and had no technical role in the R&D of Alkem's ANDA product. Rather, she was Sr. Executive – IP Cell, whose ▓▓▓ As such, it is misleading to assert Ms. Gujar was ▓▓▓ (D.I. 133 at 3). Moreover, it is not reasonable to suggest that the IP group would have R&D-related information that the R&D group did not have. Horizon points to ▓▓▓ (D.I. 133-5 (Ex. D)), but fails to disclose that the ▓▓▓ (See also Ex. 10 ▓▓▓ Further, ▓▓▓,[3] the ▓▓▓, (*compare* D.I. 133-5 (Ex. D) at ▓▓▓, *with* Exs. 4 & 11). While Alkem agreed to provide corporate testimony on development documents, (Ex. 3 at 6-7 (Topic 15)), Horizon failed to ask the designated witness (Pandey) about the same, (*compare* Ex. 6, Pandey Tr. at 131:13–133:17, *with* Ex. 12, PX 48 at ALKIF0046535-36). Horizon has failed to justify the relevance, much less the proportionality, of Ms. Gujar's deposition; or explain what unique information this witness possesses that Horizon did not have a full and fair opportunity to obtain.

**Documents:** Horizon's suggestion that Alkem did not collect ▓▓▓, (D.I. 133 at 3), is incorrect. Alkem's broad collection efforts ▓▓▓. That Alkem withheld certain of those documents due to a now-resolved dispute is a different matter; but even then, that information overlaps with information Alkem had already produced, as discussed herein. Importantly, Horizon is not asserting that any "core" technical R&D documents are missing; nor could it. Rather, Horizon is merely speculating that there might be something more; but this cannot be sufficient to re-open discovery or else discovery would never end. Further, ▓▓▓, so running additional searches would be redundant. Finally, Horizon's reliance on *Warner-Jenkinson* is misplaced, (D.I. 133 at 3); any "[i]ndependent experimentation" in which Alkem engaged certainly would not have been conducted ▓▓▓.

---

[3] It appears Horizon is improperly attempting to seek contention testimony from a fact witness. *See JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361, 362 (S.D.N.Y. 2002) (stating that "depositions . . . are designed to discover facts, not contentions or legal theories").

3

      We enclose a proposed form of Order herein.  We thank Your Honor for your attention to this matter.

                                      Respectfully submitted,

                                      */s/ Dominick T. Gattuso*

                                      Dominick T. Gattuso (#3630)

DTG/ram

cc:      Clerk of the Court (by CM-ECF)
           Counsel of Record (by CM-ECF and Email)