

300 Delaware Avenue • Suite 200 • Wilmington, Delaware 19801
Tel: (302) 472 7300 • Fax: (302) 472.7320 • www.hegh.law

Direct Dial: (302)472-7311
Email: dgattuso@hegh.law

August 25, 2020

**VIA CM-ECF**
The Honorable Richard G. Andrews
United States District Court
J. Caleb Boggs Federal Building
844 N. King Street, Unit 9, Room 6325
Wilmington, Delaware 19801-3555

Public Version Filed: August 25, 2020

Re: *Horizon Medicines LLC v. Alkem Laboratories Ltd.*,
C.A. No. 18-1014-RGA (D. Del.)

Dear Judge Andrews:

    We write on behalf of Alkem Laboratories Ltd. in response to Horizon Medicines LLC's letter of August 24, 2020 (D.I. 195). Therein, Horizon offers to make Mr. Golombik available for another deposition to "mitigate" prejudice to Alkem in view of Horizon's late attempt to change inventorship of the '033 patent. Alkem objects to this proposal, which will do nothing to alleviate the prejudice to Alkem; rather, it will only create confusion, be unhelpful to the Court and ultimately result in a need for more discovery. Prejudice is inherent under the facts here.

    First, as discussed at the Final Pretrial Conference, Horizon's request to amend is untimely and does not meet the "good cause" / diligence standard of Federal Rule of Civil Procedure 16(b)(4). (*See* D.I. 189, Ex. 5, Alkem Statement of Issues of Law at 59-60, ¶¶ 185-186); *Premier Comp Sols., LLC v. UPMC*, No. 19-1838, 2020 WL 4668235, at *2 (3d Cir. Aug. 12, 2020).

    Second, Horizon's current inventorship theory is admittedly litigation-driven and intended to undermine Alkem's use of the '096 publication as prior art. As demonstrated by the transcript from his deposition (D.I. 194), Mr. Golombik testified he did not do any work relevant to the '033 patent. Thus, any testimony Mr. Golombik now provides would be suspect at best and inevitably contradict his prior testimony and have a litigation-inspired motive.

    Third, proof of inventorship requires corroborating evidence, which cannot be met by an alleged co-inventor's testimony (e.g., Tidmarsh). (D.I. 189, Ex. 5, Alkem Statement of Issues of Law at 56-59, ¶¶ 176-184). Moreover, post-inventive testimony of an alleged inventor has been found inherently suspect, particularly where a patent has been "outstanding for a considerable time" as here. *Hess v. Advanced Cardiovascular Sys., Inc.*, 106 F.3d 976, 980 (Fed. Cir. 1997).

    Fourth, more than limited discovery would be required that cannot reasonably be accomplished while maintaining the current trial date, e.g., at least testimony of (i) Mr. Lii (a named

inventor on the '096 publication) in light of Horizon's newly-alleged factual issues (*see* D.I. 189, Ex. 2, Horizon Statement of Issues of Fact at 187, ¶¶ 683-686) and (ii) Mr. Xu;[1] (iii) another deposition of Mr. Tidmarsh; (iv) supplemental written discovery from Horizon disclosing details of the current inventorship theory; and (v) additional document collection/production.

      For at least these reasons and those discussed during the Final Pretrial Conference, the Court should reject Horizon's request to submit or offer any evidence on this new inventorship theory it disclosed on the eve of trial. We thank Your Honor for your attention to this matter.

      Respectfully submitted,

      */s/ Dominick T. Gattuso*

      Dominick T. Gattuso (#3630)

DTG/ram
cc:    Clerk of the Court (by CM-ECF)
        Counsel of Record (by CM-ECF and Email)

---

[1] Mr. Xu is a named inventor on the '033 patent who Horizon advised at the Pretrial Conference is in China and will need to agree to the change in inventorship, (8/21/20 Tr. at 51:22 – 52:8); Horizon refused to accept Alkem's notice of deposition for this witness during fact discovery, (Ex. 1 hereto).